Margaret M. McGovern, Attorney
Attorney ID#35058(Pennsylvania)
National Labor Relations Board
615 Chestnut Street, 7th Floor
Philadelphia, Pennsylvania 19106
Telephone # (215) 597-7620
Fax# (215) 597-7658

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DOROTHY L. MOORE-DUNCAN**, Regional Director of the Fourth Region of the **NATIONAL LABOR RELATIONS BOARD**, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD**,<br><br>Petitioner,<br><br>v.<br><br>**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 326**<br><br>Respondent. | Civil No. |

## PETITION FOR INJUNCTION UNDER SECTION 10(l) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable, the Judges of the United States District Court for the District of Delaware:

Comes now, Dorothy L. Moore-Duncan, Regional Director of the Fourth Region of the National Labor Relations Board (herein called the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(l) of the National Labor Relations Act, as amended (61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(l)) (herein called the Act), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on a charge alleging that International Brotherhood of Teamsters, Local 326 (herein called

Respondent), has engaged in, and is engaging in, acts and conduct in violation of Section 8(b)(4), subparagraph (B), of the Act. In support thereof, Petitioner respectfully shows as follows:

1.    Petitioner is Regional Director of the Fourth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2.    Jurisdiction of this Court is invoked pursuant to Section 10(l) of the Act.

3.    On or about August 11, 2005, and on or about August 25, 2005, Total Distribution Services, Inc. (herein called TDSI), pursuant to the provisions of the Act, filed charges with the Board in Cases 4-CC-2437 and 4-CC-2438, respectively, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(4), subparagraph (B), of the Act. (Copies of the charges are attached hereto as Exhibits 1 and 2, respectively, and made a part hereof.)

4.    The aforesaid charges were referred to Petitioner as Regional Director of the Fourth Region of the Board.

5.    Upon the basis of the following, Petitioner has reasonable cause to believe, and believes, that the charge is true, and an Order Revoking Informal Settlement Agreement, Consolidating Cases, Consolidated Complaint And Notice Of Hearing of the Board (a copy of which is attached hereto as Exhibit 3) has issued against Respondent pursuant to Section 10(b) of the Act. More particularly, Petitioner has reasonable cause to believe, and  believes, that Respondent is a labor organization within the meaning of Sections 2(5), 8(b) and 10(l) of the Act, and that Respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8(b)(4), subparagraph (B), of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act, as follows:

(a)    Respondent, an unincorporated association, is an organization in which employees participate, and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work.

(b)    Respondent maintains an office and place of business at 451 New Churchmans Road, New Castle, Delaware, and at all times material herein, Respondent has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c)    At all material times, John J. Ryan, Sr. and Joseph W. Smith, Jr. have been Senior President and a Business Agent of Respondent, respectively, and have been agents of Respondent within the meaning of Sections 2(13), 8(b) and 10(l) of the Act.

(d)    At all material times, TDSI, a Florida corporation with a facility at 1155 Centerville Road, Wilmington, Delaware, herein called the Wilmington Center, has been engaged in performing automotive distribution services for automobile manufacturers. During the past year, TDSI provided services valued in excess of $50,000 outside the States of Delaware and Florida.

(e)    At all material times, North American Rail Solutions of Delaware, LLC, (herein call NARS), a Florida corporation with offices in Green Coves Court, Florida, has been engaged to drive automobiles manufactured by General Motors at its Wilmington, Delaware plant to an adjacent staging area at the Wilmington Center and then to load those automobiles onto rail cars. During the past year, NARS has received in excess of $50,000 for services it has provided to TDSI.

(f)    On or about the dates listed below, Respondent engaged in, and has been engaging in, picketing at the Wilmington Center, and in connection therewith, has induced or encouraged individuals employed by TDSI, and by other persons to refuse to perform services at the Wilmington Center.

(1)    August 8, 2005 through August 12, 2005;
(2)    August 15, 2005;
(3)    August 24 through August 26, 2005;
(4)    August 29 through August 30, 2005;
(5)    September 6, 2005 through September 7, 2005
(6)    September 12, 2005 and continuing

(g)    By the acts and conduct described above in subparagraph (f), Respondent has engaged in, and has induced or encouraged individuals employed by TDSI and by other persons engaged in commerce or in an industry affecting commerce to engage in, a strike or refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on goods, articles, materials, or commodities or to perform services, and has threatened, coerced and restrained TDSI and other persons engaged in commerce or in an industry affecting commerce.

(h)    An object of the acts and conduct of the Respondent described above in subparagraphs (f) and (g), was, and is, to force or require TDSI to cease using, selling, handling, transporting, or otherwise dealing in the products and services of NARS, or to cease doing business with NARS.

6.    It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the acts and conduct set forth above in paragraphs 5(f), 5(g) and 5(h), or similar or like acts and conduct in violation of Section 8(b)(4), subparagraph (B), of the Act. It is therefore essential,

4

appropriate, just and proper, for the purpose of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct above alleged, similar acts and conduct, or repetitions thereof.

WHEREFORE, Petitioner prays:

1.    That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, pending the final disposition of the matters involved herein pending before the Board, from:

(a)    Continuing its current picketing of Total Distribution Services, Inc. at the Wilmington Center at 1155 Centerville Road, Wilmington, Delaware;

(b)    In any manner, or by any means, including picketing, orders, directions, instructions, requests, or appeals, however given, made or imparted, or by any like or related acts or conduct, or by permitting any such to remain in existence or effect, engaging in, or inducing or encouraging any individual employed by Total Distribution Services, Inc., or by any other person engaged in commerce or in an industry affecting commerce to engage in, a strike or refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities, or to perform any services, or in any manner, or by any means, threatening, coercing or restraining Total Distribution Services, Inc., or any other person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is to force or require Total Distribution Services, Inc., or any other person to cease using, selling, handling, transporting or otherwise dealing in the products or services of North

American Rail Solutions of Delaware, LLC, or each other, or to cease doing business with North American Rail Solutions of Delaware, LLC.

2.    That upon return of the order to show cause, the Court issue an order enjoining and restraining Respondent in the manner set forth above.

3.    That the Court grant such further and other relief as may be just and proper.

Dated this 15th day of September, 2005.


**DOROTHY L. MOORE-DUNCAN**
Regional Director, Region Four
National Labor Relations Board


ARTHUR F. ROSENFELD
    Acting General Counsel

BARRY J. KEARNEY
    Associate General Counsel

JOHN E. HIGGINS, JR.
    Deputy General Counsel

DANIEL E. HALEVY,
    Regional Attorney, Region Four

CARMEN P. CIALINO,
    Deputy Regional Attorney, Region Four

**MARGARET M. MCGOVERN, Attorney**
Attorney for Petitioner
National Labor Relations Board, Region Four
One Independence Mall, 7th Floor
615 Chestnut Street
Philadelphia, Pennsylvania 19106
Tel: 215-597-7620
Fax: (215) 597-7658
margaret.mcgovern@nlrb.gov

COLM F. CONNOLLY
United States Attorney,

By: 
**RUDOLPH CONTRERAS**
Assistant United States Attorney
Chief, Civil Division
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
Tel:  (302) 573-6277
Fax:  (302) 573-6220
rudolph.contreras@usa.usdoj.gov

6

INTERNET
FORM NLRB-508
(6-90)

/FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>4-CC-2437 | Date Filed<br>8-11-05 |

INSTRUCTIONS: File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

**1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT**

| a. Name<br>International Brotherhood of Teamsters, Local 326 | b. Union Representative to contact<br>John Ryan, Senior President |
|---|---|
| c. Telephone No.<br>302-328-2387 | d. Address (street, city, state and ZIP code)<br>451 East New Churchmanns Road, New Castle, Delaware 19720 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (4)(i) and (4)(ii)(B) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since August 8, 2005 and continuing every day thereafter, the International Brotherhood of Teamsters, Local 326 has violated sections of 8(b)(4)(i) and 8(b)(4)(ii)(B) of the National Labor Relations Act by unlawfully picketing neutral employers at Total Distribution Services, Inc.'s automotive distribution facility in Wilmington, Delaware.

| 3. Name of Employer<br>Total Distribution Services, Inc. | 4. Telephone No.<br>302-994-0905 |
|---|---|
| 5. Location of plant involved (street, city, state and ZIP code)<br>1155 Centerville Road, Wilmington, DE  19804 | 6. Employer representative to contact<br>James M. Gary, Attorney |

| 7. Type of establishment (factory, mine, wholesaler, etc.)<br>Automotive Distribution Facility | 8. Identify principal product or service<br>Automotive Distribution | 9. Number of workers employed |
|---|---|---|

10. Full name of party filing charge
Total Distribution Services, Inc.

| 11. Address of party filing charge (street, city, state and ZIP code)<br>1155 Centerville Road, Wilmington, DE  19804 | 12. Telephone No.<br>302-994-0905 |
|---|---|

**13. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____ , Attorney                    James M. Gary, Attorney

(signature of representative or person making charge)                    (title or office, if any)

Address  1333 New Hampshire Avenue, N.W., Washington, D.C. 20036    202-887-4331    August 10, 2005

(Telephone No.)            (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)

*U.S. GPO: 2000-464-640/29074

EXHIBIT 1

INTERNET
FORM NLRB-508
(6-90)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 4-CC-2438 | Date Filed 8-25-05 |

INSTRUCTIONS: File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name International Brotherhood of Teamsters, Local 326 | b. Union Representative to contact John Ryan, Senior President |
|---|---|
| c. Telephone No. 302-328-2387 | d. Address (street, city, state and ZIP code) 451 East New Churchmanns Road, New Castle, Delaware 19720 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (4)(i) and (4)(ii)(B) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Beginning on August 8, 2005 and continuing through August 12, 2005 and recommencing on August 25, 2005 in direct violation of an NLRB Informal Settlement Agreement entered into by Local 326, the International Brotherhood of Teamsters, Local 326 has violated sections of 8(b)(4)(i) and 8(b)(4)(ii)(B) of the National Labor Relations Act and breached the expressed terms of an NLRB Informal Settlement Agreement entered into by Teamsters Local 326 on August 16, 2005 by continuing to unlawfully picket neutral employers at Total Distribution Services Inc.'s automotive distribution center in Wilmington, Delaware.

| 3. Name of Employer Total Distribution Services, Inc. | 4. Telephone No. 302-994-0905 |
|---|---|
| 5. Location of plant involved (street, city, state and ZIP code) 1155 Centerville Road, Wilmington, DE 19804 | 6. Employer representative to contact James M. Gary, Attorney |

| 7. Type of establishment (factory, mine, wholesaler, etc.) Automotive Distribution Facility | 8. Identify principal product or service Automotive Distribution | 9. Number of workers employed |
|---|---|---|

10. Full name of party filing charge
Total Distribution Services, Inc.

| 11. Address of party filing charge (street, city, state and ZIP code) 1155 Centerville Road, Wilmington, DE 19804 | 12. Telephone No. 302-994-0905 |
|---|---|

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _(signature of representative or person making charge)_     James M. Gary, Attorney     (title or office, if any)

Address 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036    202-887-4331    8/25/05 (date)

(Telephone No.)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U. S. CODE, TITLE 18, SECTION 1001)**

*U.S. GPO: 2000-464-640/29074

EXHIBIT 2

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
FOURTH REGION**

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 326

and                                         Cases   4-CC-2437 and
                                                        4-CC-2438

TOTAL DISTRIBUTION SERVICES, INC.

## ORDER REVOKING INFORMAL SETTLEMENT AGREEMENT, CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Total Distribution Services, Inc., herein called TDSI, has charged in Cases 4-CC-2437 and 4-CC-2438, respectively, that International Brotherhood of Teamsters, Local 326, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151 *et seq.*, herein called the Act. Based thereon, and in order to avoid unnecessary costs or delay, the Acting General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, **ORDERS** that these cases are consolidated.

These cases having been consolidated, the Acting General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, issues this Order Revoking Informal Settlement Agreement, Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

1.      (a)      The charge in Case 4-CC-2437 was filed by TDSI on August 11, 2005, 2004, and a copy was served by first class mail on Respondent on August 11, 2005.

(b)      The charge in Case 4-CC-2438 was filed by TDSI on August 25, 2005, and a copy was served by first class mail on Respondent on August 26, 2005.

2.      (a)      At all material times, TDSI, a Florida corporation with a facility in Wilmington, Delaware, herein called the Wilmington Center, has been engaged in performing automotive transportation services for automobile manufacturers.

(b)      During the past year, TDSI provided services valued in excess of $50,000 outside the States of Delaware and Florida.

(c)      At all material times, TDSI has been an employer engaged in commerce

EXHIBIT 3

within the meaning of Section 2(2), (6) and (7) of the Act.

(d)    At all material times, North American Rail Solutions of Delaware, LLC, herein called NARS, a Florida corporation with offices in Green Coves Springs, Florida, has been engaged by TDSI to drive new automobiles manufactured by General Motors at its Wilmington Delaware plant to an adjacent staging area at the Wilmington Center and then to load those automobiles onto rail cars.

(e)    During the past year, NARS has received in excess of $50,000 for services it has provided to TDSI.

(f)    At all material times, NARS has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

3.    (a)    At all material times, Respondent has been a labor organization within the meaning of Section 2(5) of the Act.

(b)    At all material times, John J. Ryan, Sr. and Joseph W. Smith, Jr. have been Senior President and a Business Agent of Respondent, respectively, and have been agents of Respondent within the meaning of Sections 2(13) and 8(b) of the Act.

4.    (a)    On or about the dates listed below, Respondent engaged in picketing at the Wilmington Center and, in connection therewith: (1) induced or encouraged individuals employed by TDSI, and by other persons engaged in commerce or in an industry affecting commerce, to refuse to perform services at the Wilmington Center; and (2) threatened, coerced, or restrained TDSI, and other persons engaged in commerce or in an industry affecting commerce:

(1)    August 8, 2005 through August 12, 2005;
(2)    August 15, 2005;
(3)    August 24 through August 26, 2005;
(4)    August 29 through August 30, 2005;
(5)    September 6, 2005 through September 7, 2005
(6)    September 12, 2005 and continuing

(b)    An object of the conduct of Respondent described above in subparagraph 4, has been to force or require TDSI to cease using, selling, handling, transporting, or otherwise dealing in the products and services of NARS, or to cease doing business with NARS.

5.    (a)    In disposition of Case 4-CC-2437, Respondent entered into an informal settlement agreement, which was approved on August 19, 2005.

(b)    By the conduct described above in paragraphs 4(a)(3), 4(a)(4), 4(a)(5) and 4(a)(6), Respondent has failed and refused to comply with the terms of the settlement agreement described above in subparagraph (a) and accordingly, the undersigned,

2



**ORDERS,** pursuant to Section 101.9(e)(2) of the Board's Rules and Regulations and Statements of Procedure, that the settlement agreement described above in paragraph 5(a) is vacated and set aside.

6.    By the conduct described above in paragraph 4, Respondent has been violating Section 8(b)(4)(i)(ii)(B) of the Act.

7.    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on **October 26, 2005**, at 10:00 a.m., and on consecutive days thereafter, a hearing will be conducted in a hearing room of the National Labor Relations Board, One Independence Mall, 615 Chestnut Street, 7th Floor, Philadelphia, Pennsylvania, before an Administrative Law Judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Consolidated Complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

## ANSWER REQUIREMENT

Respondent is further notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Consolidated Complaint. The answer must be received by this office on or before **September 28, 2005**. Respondent shall file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in this Consolidated Complaint are true.

Signed at Philadelphia, Pennsylvania this 14th day of September, 2005.

**DOROTHY L. MOORE-DUNCAN**
Regional Director, Fourth Region
National Labor Relations Board

*/h:\r04com\litigate\compts\8(b)(4)(b)\revoke settlement-order consolidating, consolidated complaint.teamsters326(nars).doc*

3

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**FOURTH REGION**

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 326

and                                               Cases  4-CC-2437 and
                                                       4-CC-2438

TOTAL DISTRIBUTION SERVICES, INC.

## ORDER REVOKING INFORMAL SETTLEMENT AGREEMENT, CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Total Distribution Services, Inc., herein called TDSI, has charged in Cases 4-CC-2437 and 4-CC-2438, respectively, that International Brotherhood of Teamsters, Local 326, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151 *et seq.*, herein called the Act. Based thereon, and in order to avoid unnecessary costs or delay, the Acting General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, **ORDERS** that these cases are consolidated.

These cases having been consolidated, the Acting General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, issues this Order Revoking Informal Settlement Agreement, Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

1.     (a)     The charge in Case 4-CC-2437 was filed by TDSI on August 11, 2005, 2004, and a copy was served by first class mail on Respondent on August 11, 2005.

       (b)     The charge in Case 4-CC-2438 was filed by TDSI on August 25, 2005, and a copy was served by first class mail on Respondent on August 26, 2005.

2.     (a)     At all material times, TDSI, a Florida corporation with a facility in Wilmington, Delaware, herein called the Wilmington Center, has been engaged in performing automotive transportation services for automobile manufacturers.

       (b)     During the past year, TDSI provided services valued in excess of $50,000 outside the States of Delaware and Florida.

       (c)     At all material times, TDSI has been an employer engaged in commerce



within the meaning of Section 2(2), (6) and (7) of the Act.

(d)　　At all material times, North American Rail Solutions of Delaware, LLC, herein called NARS, a Florida corporation with offices in Green Coves Springs, Florida, has been engaged by TDSI to drive new automobiles manufactured by General Motors at its Wilmington Delaware plant to an adjacent staging area at the Wilmington Center and then to load those automobiles onto rail cars.

(e)　　During the past year, NARS has received in excess of $50,000 for services it has provided to TDSI.

(f)　　At all material times, NARS has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

3.　　(a)　　At all material times, Respondent has been a labor organization within the meaning of Section 2(5) of the Act.

(b)　　At all material times, John J. Ryan, Sr. and Joseph W. Smith, Jr. have been Senior President and a Business Agent of Respondent, respectively, and have been agents of Respondent within the meaning of Sections 2(13) and 8(b) of the Act.

4.　　(a)　　On or about the dates listed below, Respondent engaged in picketing at the Wilmington Center and, in connection therewith: (1) induced or encouraged individuals employed by TDSI, and by other persons engaged in commerce or in an industry affecting commerce, to refuse to perform services at the Wilmington Center; and (2) threatened, coerced, or restrained TDSI, and other persons engaged in commerce or in an industry affecting commerce:

(1)　　August 8, 2005 through August 12, 2005;
(2)　　August 15, 2005;
(3)　　August 24 through August 26, 2005;
(4)　　August 29 through August 30, 2005;
(5)　　September 6, 2005 through September 7, 2005
(6)　　September 12, 2005 and continuing

(b)　　An object of the conduct of Respondent described above in subparagraph 4, has been to force or require TDSI to cease using, selling, handling, transporting, or otherwise dealing in the products and services of NARS, or to cease doing business with NARS.

5.　　(a)　　In disposition of Case 4-CC-2437, Respondent entered into an informal settlement agreement, which was approved on August 19, 2005.

(b)　　By the conduct described above in paragraphs 4(a)(3), 4(a)(4), 4(a)(5) and 4(a)(6), Respondent has failed and refused to comply with the terms of the settlement agreement described above in subparagraph (a) and accordingly, the undersigned,

2

COMMONWEALTH OF PENNSYLVANIA        )
                                    )
COUNTY OF PHILADELPHIA              )

I, DOROTHY L. MOORE-DUNCAN, being first duly sworn, depose and say that I am Regional Director of the Fourth Region of the National Labor Relations Board, that I have read the foregoing Petition and Exhibits and know the contents thereof, that the statements therein made as upon personal knowledge are true and those made as upon information and belief, I believe to be true.

DOROTHY L. MOORE-DUNCAN

Subscribed and sworn before me

This 15th day of September, 2005

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Karen Louise Simmons, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires May 24, 2007
Member, Pennsylvania Association Of Notaries

7